**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| DALE MAISANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-0558 |
| ) | |
| CORIZON HEALTH INC., *et al.*, ) | Judge Campbell |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is a *pro se* complaint (ECF No. 1) and an application to proceed *in forma pauperis* (ECF No. 2), filed by plaintiff Dale Maisano.

The plaintiff is a prisoner at the Arizona State Prison in Tucson, and he has apparently been incarcerated for a very long time. As of June 17, 2013, he had filed almost 400 civil lawsuits in federal court (most in the District of Arizona), and over 100 cases just during the first half of 2013, according to PACER, a national database of federal court filings.

Because of the plaintiff's numerous frivolous filings, in fact, on August 11, 1992, Senior United States District Judge Stephen M. McNamee entered an Order and Restraining Order enjoining Maisano from filing any civil action in the United States District Court for the District of Arizona, *or any other federal court*, without first obtaining leave of the court. *See Maisano v. Lewis*, CIV 92-1026-PHX-SMM (MS) (D. Ariz. Aug. 11, 1992) (Order and Restraining Order (hereinafter referred to as the "Restraining Order"), *referenced in Maisano v. CO II Towner*, No. 4:13-cv-00478 (D. Ariz. June 17, 2013) (Order dismissing case for failure to comply with restraining order, Docket Entry No. 2).

Pursuant to the Restraining Order, to obtain leave to file any new civil complaint, the plaintiff must file an "Application Pursuant to Court Order Seeking Leave to File" accompanied by an affidavit certifying: (1) "that the claim or claims he wishes to present are new and have not been raised and disposed of on the merits by any federal court"; and (2) "that to the best of his knowledge the claim or claims are not frivolous or taken in bad faith." Restraining Order at 5. In addition, the plaintiff "must attach to future complaints a list of all cases

previously filed involving similar or related causes of action." *Id.* Any application seeking leave to file must be accompanied by a copy of the Restraining Order, and "[f]ailure to comply strictly with [its] terms . . . will be sufficient ground to deny leave to file." *Id.*

In partial compliance with the Restraining Order, the plaintiff did attach to his complaint a copy of the order (*see* ECF No. 1, at 37– 43), and he included an application seeking leave of court to file, in which he attests that the claims presented are new, and that they are not frivolous or taken in bad faith. (ECF No. 1-1.) He did not, however, attach to his complaint a "list of all cases previously filed involving similar or related causes of action." Restraining Order at 5. The plaintiff's failure to provide the required list of cases therefore justifies denial of his application for leave to file and dismissal of this action, particularly in light of the fact that a quick perusal of the list of cases filed by the plaintiff, documented on PACER, reveals at least a half dozen cases filed in the past month that also name Corizon or Corizon Health as a defendant, and assert claims of inadequate medical care. *See, e.g.*, *Maisano v. Corizon Health Inc.*, 4:13-cv-455 (D. Ariz. June 10, 2013); *Maisano v. Corizon Health Inc.*, No. 3:13-558 (M.D. Tenn. June 10, 2013); *Maisano v. Corizon Medical Inc.*, 4:13-cv-402 (D. Ariz. May 30, 2013); *Maisano v. Corizon Inc.*, 4:13-cv-388 (D. Ariz. May 28, 2013); *Maisano v. Corizon Health Servs., Inc.*, No. 3:13-cv-499 (M.D. Tenn. May 23, 2013); *Maisano v. Corizon Health Inc.*, No. 4:13-cv-373 (D. Ariz. May 22, 2013); *Maisano v. Corizon Health Inc.*, No. 4:13-cv-357 (D. Ariz. May 17, 2013); and *Maisano v. Corizon Health Inc.*, No. 3:13-cv-471 (M.D. Tenn. May 16, 2013).

Accordingly, because the plaintiff failed to comply with the strict terms of the Restraining Order, and because the plaintiff clearly has filed numerous recent complaints involving similar or related causes of action, the plaintiff's application for leave to file is **DENIED**, and the present complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to enter judgment and to close this case, in accordance with Rule 58, Fed. R. Civ. P.

It is so **ORDERED**.

Todd Campbell
United States District Judge